Filed 5/29/24  P. v. Sims CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082445 |
| v. | (Super.Ct.No. SWF1601082) |
| DAMION PAUL SIMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey M. Zimel, Judge.  Dismissed.

Damion Paul Sims, in pro. per.; and Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Defendant and appellant Damion Paul Sims appeals from a postjudgment order denying three motions he filed in propria persona. Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 and asked us to conduct an independent review of the record. However, *Wende* does not apply to an appeal from the denial of postconviction relief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*).) Thus, we have no obligation to conduct an independent review of the record.

On February 2, 2024, we notified defendant that: (1) counsel filed a brief indicating no arguable issues had been identified; (2) as a case arising from an order denying postconviction relief, this court was not required to conduct an independent review of the record, but we could do so in our discretion; and (3) in accordance with the procedures set forth in *Delgadillo*, *supra*, 14 Cal.5th 216, he had 30 days in which to file a supplemental brief raising any argument he wanted this court to consider. Defendant filed a supplemental brief, which we have reviewed. We dismiss the appeal.

<u>PROCEDURAL BACKGROUND</u>

In 2017, defendant was charged by information with burglary. (Pen. Code,[1] § 459, count 1.) It was alleged that at the time of the offense, another person, other than an accomplice, was present at the residence within the meaning of section 667.5, subdivision (c)(21). It was further alleged that defendant had three prior serious felony

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

convictions (§ 667, subd. (a)) and three prior strike convictions (§§ 667, subds. (c) & (e)(2)(A) & 1170.12, subd. (c)(2)), and that he had served three prior prison terms (§ 667.5, subd. (b)).  Pursuant to a plea agreement, defendant pled guilty to count 1 and admitted the allegation under section 667.5, subdivision (c)(21), that there was someone else in the house at the time of entry.  He also admitted one prior strike conviction and three prior serious felony convictions.

In exchange, the court sentenced him to a 27-year state prison term and dismissed the remaining allegations.  It also awarded 901 days of presentence custody credits and ordered defendant to pay victim restitution and other fees.

On April 12, 2023, the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court asking whether the burglary in count 1 was a violent felony.[2]

On June 20, 2023, defendant filed an in propria persona "Petition For Resentencing, Vacate, Modify, Correct, or Any Appropriate Remedy in Accordance With . . . the California Constitution."  (All caps omitted.)  He claimed he was "judicially lynched for being accused of crimes" and discussed due process.  On June 26, 2023, the court denied the petition, finding there was no valid or legal basis to calendar a hearing.

On July 13, 2023, defendant filed an in propria persona "Motion to Invoke an Article III Court for Due Process."  (All caps omitted.)  Then, on September 1, 2023, he filed an ex parte "Motion for Lawful Settlement and Extinguishment."  On September 6, 2023, the court received a "Motion to Dismiss—Notice of Subrogation" from defendant.

---

[2]  The appellate record does not appear to include a copy of the letter.

3

The court held a hearing on September 13, 2023, to address the letter from the CDCR. Defendant indicated he wanted to represent himself, but he refused to sign the *Faretta*[3] form, asserting that he was not waiving any of his rights. He also stated, "I do have full jurisdiction of this court and I'm here only to settle and close this matter." The court responded: "No. You are here today on a letter from the Department of Corrections." The court explained the issue was whether defendant's conviction was for a violent felony, which turned on whether or not he admitted the allegation that somebody was present in the residence at the time of the burglary, pursuant to section 667.5, subdivision (c)(21). Defendant insisted he was there "to settle and close this matter" and said he was not consenting to the prosecutor with respect to "my right of subrogation." The court proceeded to appoint the public defender. Defense counsel then argued that there was some confusion regarding the factual basis for the special allegation when defendant entered his plea. The prosecutor asserted that the court reviewed the police reports and was satisfied there was a factual basis to find the homeowner was in the house at the time of entry. The court agreed that the prior court's ruling was that the section 667.5, subdivision (c)(21) allegation was admitted; therefore, it ruled that count 1 was a violent felony. The court then denied the motions filed by defendant on July 13, 2023, September 1, 2023, and September 6, 2023.

On October 25, 2023, defendant filed a timely notice of appeal, in propria persona, challenging "the judgment of conviction of sentencing . . . rendered on September 13,

---

[3] *Faretta v. California* (1975) 422 U.S. 806.

4

2023." He alleged the following "proposed points . . . to be raised on appeal": (1) "Trial court erred in giving defendant a[n] illegal sentence where the Abstract of Judgment and the record of the offense shows it is a non-violent offense"; (2) "The sentencing court committed constitutional error by accepting defendant's guilty plea that was not knowingly and intelligently [*sic*], and giving an improper aggravated sentencing enhancements [*sic*]"; and (3) "The sentencing court erred by failing to strike the enhancements and resentence defendant, taking into account all the new laws, including the new law making it harder to give the upper term on count's 1, 2, and 3, (SB-567), and new (SB-81), making it harder to give multiple enhancements [*sic*]." Defendant claimed the case should be remanded for resentencing to "reoffer a new plea, and strik[e] enhancements."

DISCUSSION

Defendant was provided notice under *Delgadillo* and advised that counsel filed a brief stating no arguable issues could be found, and that because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) The notice advised him that he could file a supplemental brief, which he has done. Where a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief. (*Ibid.*) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*) Defendant filed a brief containing numerous claims, none of which appear to

5

pertain to the orders from which he appeals, i.e., the court's denial of his motions filed on July 13, 2023 ("Motion to Invoke an Article III Court for Due Process," all caps omitted), September 1, 2023 ("Motion for Lawful Settlement and Extinguishment"), and September 6, 2023 ("Motion to Dismiss—Notice of Subrogation").

On the court's own motion, this appeal filed from the trial court's denial of defendant's postjudgment, nonstatutory motions is dismissed because it does not affect defendant's substantial rights. (§ 1237, subd. (b).) The trial court lacked jurisdiction to modify defendant's sentence. (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725 (*Chlad*).) "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*); *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).) "There are exceptions to the general rule. A court may recall a sentence and resentence a defendant under certain circumstances within 120 days of the defendant's custody commitment. ([Former] § 1170, subd. (d)(1).)[4] Resentencing is also authorized under the circumstances specified in sections 1170.126, 1170.18, and

---

[4] " 'Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) . . . moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03.' [Citation.] Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 9.)" (*People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.)

6

1170.95." (*Torres*, at p. 1085.)  However, none of these exceptions are applicable here, and we are aware of no statutory or decisional authority authorizing defendant to bring any of these motions.

Additionally, "a freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief.  A motion is not an independent remedy, but must be attached to some ongoing action.  [Citation.]  Thus, a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." (*King*, *supra*, 77 Cal.App.5th at p. 640.)

Here, defendant filed three somewhat unintelligible motions, apparently claiming his sentence was unlawful and seeking resentencing.  However, all three postjudgment motions were simply freestanding motions and were not authorized by statute. (See *King*, *supra*, 77 Cal.App.5th at p. 640; *Torres*, *supra*, 44 Cal.App.5th at pp. 1084-1085.) Thus, the trial court did not have jurisdiction to adjudicate these motions. (*King*, at p. 634.)  Since the court lacked jurisdiction when it denied defendant's motions, the court's orders could not have affected his substantial rights. (*Chlad*, *supra*, 6 Cal.App.4th at pp. 1725-1726.)  Accordingly, the court's orders denying defendant's motions are not

appealable orders, and the appeal must be dismissed.  (*Ibid*.; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see also *King*, at p. 634.)

<u>DISPOSITION</u>

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
J.

We concur:


McKINSTER_____
      Acting P. J.


CODRINGTON_____
      J.